**RON R. SHEPHERD**
**HAMILTON, MICHAELSON & HILTY, LLP**
Attorneys at Law
1303 12th Avenue Road
PO Box 65
Nampa, ID 83653-0065
(208) 467-4479 Telephone
(208) 467-3058 Facsimile
ISB No. 6593

Attorneys for Plaintiffs Jonathan and Barbara Ball

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | Case No. 08-02835 TLM |
| WHEELER, BRADLEY FRANK, | |
| Debtor, | Adv. Proceeding No._____ |
| JONATHAN BALL and BARBARA BALL, husband and wife, | COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS |
| Plaintiffs, | |
| vs. | |
| BRADLEY FRANK WHEELER, | |
| Defendant. | |

The above-named Plaintiffs, JONATHAN BALL and BARBARA BALL (hereinafter "Balls"), husband and wife, for their causes of action against the above-named Debtor/Defendant, BRADLEY FRANK WHEELER (hereinafter "Debtor"), hereby state and allege as follows:

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 1

## PARTIES

1. Balls are individual adults residing in Canyon County, Idaho.

2. Debtor is an adult individual residing in Canyon County, Idaho.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 11 U.S.C. §§ 523, 707 and 727, as well as Idaho State law.

4. This action is a case proceeding under 28 U.S.C. §§ 157(b)(2)(H), 157(b)(2)(I) and 157(b)(2)(J).

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

6. Venue is proper under 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

7. In early 2006, Balls hired Debtor to construct a home for Balls. The parties entered into a written contract (hereinafter "Contract"). In the Contract, Debtor agreed to construct Balls' home for a fixed price.

8. Balls obtained a construction loan from Builders Capital Mortgage (hereinafter "BCM") to finance construction to be done pursuant to the Contract.

9. During the course of construction, Debtor submitted draw request worksheets directly to BCM, many of which were done without Balls' knowledge or consent, in order to obtain draws from Balls' construction loan. BCM direct deposited draws paid from Balls' construction loan into Debtor's bank account.

10. To induce BCM to pay money to Debtor from Balls' construction loan, Debtor submitted draw requests for services performed and/or material provided by and paid for by Balls. Debtor received money from Balls' construction loan pursuant to the aforementioned

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 2

draw requests but failed and/or refused to pay such money to Balls or properly give a credit to Balls.

11.     To further induce BCM to pay money to Debtor from Balls' construction loan, Debtor forged subcontractors' signatures on lien releases and/or submitted bogus lien releases to BCM. Debtor received money from BCM as a result of such forged and/or bogus lien releases but did not pay the subcontractors who performed the work corresponding to the lien releases.

12.     Debtor assured Balls that subcontractors and suppliers were being paid when they were not.

13.     Debtor failed to pay several of his subcontractors and suppliers with the funds he received from Balls' construction loan, and such subcontractors and suppliers filed liens against Balls' property.

14.     Consequently, Balls were forced to pay such liens in order to obtain a permanent loan to pay off the construction loan.

15.     Debtor discontinued construction of Balls' residence before it was substantially complete and after he had been paid the full amount under the Contract.

16.     Debtor subsequently filed a lien claiming he was still owed $44,404.91, despite already receiving more than the Contract price, after subtracting just offsets and credits, and having not completed construction.

17.     At no time was Debtor ever registered under the Idaho Contractor Registration Act. As such, he had no right to file a mechanics lien against Balls' property. Debtor, therefore, caused to be filed an amended lien naming his company, BW Properties, LLC, which was licensed under the Idaho Contractor Registration Act, as the claimant of the lien. BW Properties did not provide labor or material to improve Balls' property, however.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 3

18. Balls filed a complaint against Debtor in Idaho State District Court in January 2007 for, among other things, breach of contract, fraud, violation of the Idaho Consumer Protection Act and slander of title (hereinafter "State Action").

19. On November 13, 2008, a jury in the State Action rendered a verdict (hereinafter "jury verdict") in favor of Balls and against Debtor and Debtor's company, BW Properties, on each and every one of Balls' causes of action submitted to the jury and on all of Debtor's and BW Properties' counterclaims submitted to the jury.

20. The jury found that Debtor breached his Contract with Balls, and assessed damages for such breach of contract in the amount of $26,429.00.

21. The jury found that Debtor committed fraud, and assessed damages for such fraud in the amount of $17,020.00.

22. The jury found that Debtor and BW Properties committed slander of title, and assessed damages for such slander of title in the amount of $12,075.00.

23. The jury found that Debtor and BW Properties violated the Idaho Consumer Protection Act, and assessed damages for such violation in the amount of $0.

24. On November 15, 2008, Debtor entered into a real estate purchase and sale agreement to sell Debtor's real property located at 1116 Garrity Blvd, Nampa, Canyon, Idaho (hereinafter "Garrity property") for $196,000.

25. On November 17, 2008, Debtor caused his company BW Properties to transfer title to a dump truck from BW Properties to another of Debtor's company's, L&B Properties, Inc., to prevent Balls from seizing the dump truck to satisfy the judgment rendered against BW Properties in the State Action.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 4

26. Pursuant to the jury verdict, a final judgment was entered in the State Action in favor of Balls and against Debtor and Debtor's company, BW Properties, on November 28, 2008. Such judgment was recorded in the office of the Canyon County, Idaho Recorder, and therefore became a lien on all real property located in said county and owned by Debtor.

27. On December 1, 2008 the escrow that was set up to close the November 15, 2008 real estate purchase and sale agreement for the sale of the Garrity property was cancelled.

28. Balls filed a Memorandum of Costs and Affidavit of Attorney Fees in the State Action, and also filed a Motion for Additur or, In the Alternative, Motion for Judgment Notwithstanding the Verdict. The latter motion sought an order to increase the State Court judgment amount by $1,000.00 to reflect the statutory minimum penalty imposed under the Idaho Consumer Protection Act for a violation of such act.

29. Debtor filed an objection to Balls' Memorandum of Costs and Affidavit of Attorney Fees and an objection to Balls' Motion for Additur or, In the Alternative, Motion for Judgment Notwithstanding the Verdict. Both matters were scheduled for hearing on January 8, 2009.

30. On or about December 11, 2008, the Canyon County Sheriff's Office seized Debtor's 2002 Mustang convertible, 1969 Firebird and 1972 Chevy Malibu pursuant to a Writ of Execution issued by the State Court in the State Action.

31. On December 12, 2008, Debtor filed the present bankruptcy action. Subsequently, Balls and Debtor, through their respective counsel, stipulated to vacate the hearings that were scheduled on January 8, 2009 regarding the Motion to Disallow Costs and Attorney's Fees and the Motion for Additur or, In the Alternative, Motion for Judgment Notwithstanding the Verdict pending in the State Action in order to avoid a potential violation of

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 5

the automatic stay ordered in this Court. Balls also instructed the Canyon County Sheriff to return Debtor's vehicles that had been seized.

32. On December 13, 2008, Lisa Gregerson (hereinafter "Gregerson"), Debtor's wife, purported to enter into a two-year commercial lease, wherein she purported to lease Debtor's Garrity property.

33. On December 13, 2008, Gregerson took a promissory note, which was witnessed by Debtor, for payment of $10,417.41, with interest accruing at 12% annually. Payments on the note are to be made in the amount of $635.27 with a balloon payment due on or before June 10, 2010. Such note was made in consideration for payment of the real property taxes due on the Garrity property for the years 2006 through 2008.

34. On December 13, 2008, Gregerson purported to enter into an option agreement, wherein she purported to give an option to purchase Debtor's Garrity property for a term of four years to the optionee. In consideration for the option agreement, Gregerson accepted payment of sixteen thousand dollars ($16,000) in three separate checks in the amounts of $5,000, $5,000 and $6,000.

35. On December 15, 2008, Gregerson took one of the $5,000 checks and the $6,000 check to the issuing bank and cashed such checks.

36. From December 13, 2008 until May 2009, Debtor and/or Gregerson received income from the tenants of Debtor's Garrity property in the sum of approximately $25,541.00.

37. Debtor is a member and solely in control of BW Properties, LLC. Debtor is a shareholder and officer and solely in control of the closely-held corporation L&B Properties, Inc. These two business entities are sometimes collectively referred to herein as "Debtor's companies".

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 6

38. Debtor's companies are debtor's alter ego used in part to conceal Debtor's assets and income from creditors and from the bankruptcy Trustee and to defraud creditors and the bankruptcy Trustee.

39. Debtor intentionally maintains very little records for Debtor, Gregerson and Debtor's companies so as to enable Debtor to use Gregerson and Debtor's companies as vehicles to conceal and/or misrepresent Debtor's assets and income and/or Gregerson's assets and income.

## COUNT I
### (Nondischargeability of Debts – 11 U.S.C. § 523(a)(2)(A)

40. Balls reallege and incorporate herein by this reference each and every allegation set forth in this Complaint as if such allegation was set forth under this Count.

41. Debtor's debt to Balls, as is more particularly described hereinabove, is, in whole or in part, for money obtained by false pretenses, a false representation and/or actual fraud.

42. Debtor's debt to the Balls is therefore not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## COUNT II
### (Nondischargeability of Debts – 11 U.S.C. § 523(a)(4)

43. Balls reallege and incorporate herein by this reference each and every allegation set forth in this Complaint as if such allegation was set forth under this Count.

44. Debtor's debt to Balls, as is more particularly described hereinabove, is, in whole or in part, for fraud or defalcation while acting in a fiduciary capacity, embezzlement and/or larceny.

45. Debtor's debt to the Balls is therefore not dischargeable pursuant to 11 U.S.C. § 523(a)(4).

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 7

## COUNT III
### (Nondischargeability of Debts – 11 U.S.C. § 523(a)(6)

46. Balls reallege and incorporate herein by this reference each and every allegation set forth in this Complaint as if such allegation was set forth under this Count.

47. Debtor's debt to Balls, as is more particularly described hereinabove, is, in whole or in part, for willful and malicious injury to Balls or to the Balls' property.

48. Debtor's debt to the Balls is therefore not dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## COUNT IV
### (Objection to Discharge – 11 U.S.C § 727(a)(2))

49. Balls reallege and incorporate herein by this reference each and every allegation set forth in this Complaint as if such allegation was set forth under this Count.

50. Debtor, with intent to hinder, delay or defraud a creditor or creditors and/or the Trustee of the bankruptcy estate charged with custody of property, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, property of the debtor within one year before the date of the filing of the petition and has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the estate after the date of the filing of the petition. Specifically, Debtor committed the following acts:

   (a) Debtor caused his wife, Gregerson, to enter into a commercial lease and option agreement on December 13, 2008 for Debtor's real property located at 1116 Garrity Boulevard, Nampa, Idaho, as discussed above, and caused or permitted his wife to accept sixteen thousand dollars ($16,000) in consideration for such option agreement, with the intent to conceal such money from the Trustee where such money was the property of the estate.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 8

(b)    Debtor transferred, removed, destroyed or concealed, and/or permitted to be transferred, removed, destroyed or concealed, the following property owned or partially owned by Debtor:

1. 2002 Ford Mustang Convertible – last four of VIN 7692;

2. 2005 Ford Excursion – last four of VIN 2778;

3. 1977 Jeep Cherokee– last four VIN of 8513;

4. 2005 utility trailer - last four VIN of 4668;

5. 2001 Honda CR250 motorcycle– last four of VIN 7898;

6. 2006 Yamaha YZ250 motorcycle– last four of VIN 3771;

7. 1992 Chevy CK1500 pickup – last four of VIN 0072;

8. 1992 Jeep Wrangler – last four of VIN 8039;

9. 1991 Specially Constructed 30x8 feet trailer – license number ID007507;

10. 2002 Pace American Utah utility trailer – last four of VIN 1824;

11. 1980 Volkswagen Rabbit – last four of VIN 9293;

12. 1997 Ford F150 pickup – last four of VIN 2462;

13. 1997 Ford Expedition – last four of VIN 2274;

14. 1978 Chevy C25 pickup – last four of VIN 6843;

15. 1999 Yamaha YZ80 motorcycle – last four of VIN 2156;

16. 2006 Honda CRF450 motorcycle – last four of VIN 0572;

17. 2003 Honda XR70R motorcycle – last four of VIN 2196;

18. 1993 Toyota 4-Runner – last four of VIN 4768;

19. 1995 Suzuki Motorcycle – last four of VIN 2855;

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 9

20. 2001 Polaris ATV – last four of VIN 5351;

21. 1996 Suzuki motorcycle – last four of VIN 3830;

22. 1982 Ford F350 – last four of VIN 9639;

23. 1993 Jeep Wrangler – last four of VIN 9237;

24. 1998 Wilderness RV trailer – last four of VIN 8484;

25. 1975 International dump truck – last four of VIN 2919;

26. 1981 Ford LNT 9000 dump truck – last four of VIN 5080;

27. 2004 Kawasaki motorcycle – last four of VIN 3476;

28. 2001 Ryan trailer – last four of VIN 1085;

29. 1992 Ski-doo snowmobile – last four of VIN 2202;

30. 2002 Specially Constructed Trailer;

31. 1989 Yamaha Motorcycle – last four of VIN 5375;

32. 1989 Yamaha ATV – last four of VIN 3838;

33. 1992 Honda ATV – last four of VIN 3160;

34. 1986 Suzuki motorcycle – last four of VIN 7538;

35. 1994 Suzuki ATV – last four of VIN 5157;

36. Backhoe;

37. Backhoe trailer;

38. Three (3) implement trailers;

39. Enclosed trailer;

40. Miscellaneous large equipment/trucks/machinery;

41. Coin Collection;

42. Rifles, handguns and ammunition;

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 10

43. Home furnishings; and

44. Home electronics;

(c) Debtor concealed money owed to him pursuant to a promissory note made by Marcus Tam and Yi Ju Liang in the amount of $10,417.41. Debtor concealed such money owed to him by having the promissory note made to his wife, Gregerson.

(d) Debtor concealed rental income received from Debtor's Garrity property.

51. Debtor's conduct as set forth under this Count, among other things, renders Debtor ineligible for a discharge under 11 U.S.C. § 727(a)(2). Balls therefore hereby object to Debtor's discharge under Chapter 7 of the U.S. bankruptcy code.

## COUNT V
### (Objection to Discharge – 11 U.S.C § 727(a)(3))

52. Balls reallege and incorporate herein by this reference each and every allegation set forth in this Complaint as if such allegation was set forth under this Count.

53. Debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information, including, but not limited to, books, documents, records and papers of Debtor, Gregerson and Debtor's companies from which the Debtor's financial condition or business transactions might be ascertained, and such act or failure to act was not justified.

54. Debtor has used Debtor's companies and Gregerson to shuffle assets, income and debts around so as to defraud creditors and the Trustee.

55. Debtor has intentionally or negligently failed to keep sufficient business records for Debtor, Gregerson and Debtor's companies so as to prevent Debtor's creditors and the Trustee from determining which assets belongs to whom and to hide Debtor's and Gregerson's income and assets.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 11

56. Debtor intentionally or negligently failed to keep sufficient records of Debtor, Gregerson and Debtor's companies in order to enable Debtor to misrepresent the value of Debtor's companies and the value of his interest therein.

57. Debtor's failure to keep adequate records, destruction of records and/or falsification of records, among other things, renders Debtor ineligible for a discharge under 11 U.S.C. § 727(a)(3). Balls therefore hereby object to Debtor's discharge under Chapter 7 of the U.S. bankruptcy code.

## COUNT VI
### (Objection to Discharge – 11 U.S.C § 727(a)(4))

58. Balls reallege and incorporate herein by this reference each and every allegation set forth in this Complaint as if such allegation was set forth under this Count.

59. Debtor knowingly and fraudulently, and in connection with this case, made a false oath or account. Specifically, Debtor made the following false oaths or accounts on his petition for bankruptcy and/or in the meeting of creditors.

(a) Debtor failed to disclose that he owns the personal property listed in Count IV, above.

(b) Debtor represented that his interest in L&B properties, Inc. is "49 percent ownership" where his interest is at least fifty percent (50%) shareholder.

(c) Debtor represented that the value of his interest in L&B Properties, Inc. is "0.00" where Debtor has a substantial equity interest in L&B Properties, Inc. and the value of L&B Properties' assets substantially exceeds L&B Properties' liabilities.

(d) Debtor failed to disclose his percentage ownership of BW Properties, LLC.

(e) Debtor represented that the value of his interest in BW Properties, LLC is

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 12

"0.00" where Debtor has a substantial ownership interest in BW Properties, LLC and the value of BW Properties' assets substantially exceeds BW Properties' liabilities.

(f) Debtor failed to disclose that he, through is wife, has an account receivable in the form of a promissory note from Marcus Tam and Yi Ju Liang in the amount of $10,417.41.

(g) Debtor materially undervalued the property located at 11899 Orchard Avenue, Nampa, Idaho.

(h) Debtor failed to disclose any income of his spouse other than income from alimony, maintenance or support.

(i) Debtor represented that there were no financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately proceeding the commencement of this case where debtor had in fact submitted a financial statement to Hopkins Financing and other financial institutions and mercantile and trade institutions within two years prior to filing bankruptcy.

60. Debtor knowingly, intentionally, fraudulently and materially misrepresented the value of Debtor's Garrity property in an attempt to compel the Trustee of the bankruptcy estate to abandon such property.

61. Debtor knowingly, intentionally, fraudulently and materially misrepresented that there was a tax lien against the Garrity property without also disclosing that Debtor and/or Debtor's wife were receiving income from a promissory note from Marcus Tam and/or Yi Ju Liang to pay such taxes.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 13

62. Debtor made numerous false oaths and accounts during his 2004 Exam where he answered he did not know or could not remember questions to which he did know the answer. The following are some, but not all, of Debtor's false oaths made during his 2004 Exam:

   (a) That Debtor did not know or could not remember his residential address, the street upon which his residence was located or the city of his residence;

   (b) That Debtor did not know or could not remember what vehicles, trailers or other personal property was located at his residence when he left his residence the morning of his 2004 Exam;

   (c) That Debtor did not know or could not remember if he owned several specific items of personal property;

   (d) That Debtor did not know where the records of Debtor's companies were located;

   (e) That Debtor did not know the location of Debtor's companies' business office locations and/or their primary business locations; and

   (f) That Debtor did not know what interest he had in Debtor's companies.

63. Debtor's false oaths and accounts, among other things, renders Debtor ineligible for a discharge under 11 U.S.C. § 727(a)(4). Balls therefore hereby object to Debtor's discharge under Chapter 7 of the U.S. bankruptcy code.

## COUNT VII
### (Objection to Discharge – 11 U.S.C § 727(a)(5))

64. Balls reallege and incorporate herein by this reference each and every allegation set forth in this Complaint as if such allegation was set forth under this Count.

65. Debtor has failed to explain satisfactorily the loss of assets and/or deficiency of assets to meet Debtor's liabilities.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 14

66. Specifically, Debtor has failed to explain satisfactorily the loss of the assets he owned as of June 2008. Such assets are listed in the application for credit attached hereto as Exhibit "A" and incorporated herein by this reference.

67. The value of the assets Debtor claimed to have owned in June 2008 meets substantially or exceeds Debtor's liabilities.

68. Debtor has failed to explain satisfactorily the loss of assets he owned as of December 2008, many of which are listed under Count IV herein.

69. Debtor's failure to satisfactorily explain lost assets or deficiency in assets to meet debtor's liabilities renders Debtor ineligible for a discharge under 11 U.S.C. § 727(a)(5). Balls therefore hereby object to Debtor's discharge under Chapter 7 of the U.S. bankruptcy code.

## COUNT VIII
### (Dismissal of Bankruptcy - 11 U.S.C. § 707(b)(3)(A) & (B))

70. Balls reallege and incorporate herein by this reference each and every allegation set forth in this Complaint as if such allegation was set forth under this Count.

71. Debtor filed his petition in bad faith in the following particulars, among others:

(a) Debtor failed to disclose numerous and valuable property on his bankruptcy petition as alleged hereinabove;

(b) Debtor materially undervalued property he disclosed on his bankruptcy petition.

(c) The property on which Debtor's residence is built was originally purchased in partnership with another person as an investment property. Debtor built a new home and moved into such home within a month prior to filing bankruptcy in order to claim the homeowner's exemption of $100,000 and to deprive creditors of $100,000 of equity Debtor would have had in the event the property would have remained an

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 15

investment property.

(d) Debtor's concealed income and his interest in the Garrity property by having his wife sign a commercial lease and option agreement, and accept funds therefrom, one day after filing for bankruptcy.

(e) Debtor has intentionally failed to keep records of Debtor's companies or Debtor's income so as to hide his income and assets from the Trustee of the bankruptcy estate and creditors.

(f) Debtor filed bankruptcy in order to avoid paying his creditors and with the specific intent to maintain substantially all of the assets he owned, either legally or equitably, prior to filing bankruptcy.

72. Debtor's bankruptcy petition should therefore be dismissed under 11 U.S.C. § 707(b)(3)(A).

73. Additionally, under the totality of the circumstances, the debtor's financial situation demonstrates abuse.

74. Debtor constructed a new home and purchased new home furnishings and other valuable items just prior to or immediately after filing bankruptcy.

75. Debtor has concealed and/or has refused to disclose his income from Debtor's companies and has not disclosed his spouse's income.

76. Debtor has used Debtor's companies to hide, transfer and remove assets between such companies and between such companies and Debtor or Debtor's spouse in order to conceal assets from creditors and the Trustee.

77. During the Debtor's 2004 Exam, Debtor refused to provide any meaningful information regarding his residence, vehicles he owns, his interest in Debtor's companies and

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 16

many, many other things, thus delaying Creditor's ability to proceed in the bankruptcy and frustrating the process of fact finding.

78. Debtor's bankruptcy petition should therefore be dismissed under 11 U.S.C. § 707(b)(3)(B).

## ATTORNEY FEES

79. Balls have been required to retain the law offices of HAMILTON, MICHAELSON & HILTY, LLP, duly licensed and practicing attorneys of law, to institute and prosecute this action. Plaintiffs are entitled to recover their costs and attorney fees in prosecuting this action under Federal Rules of Civil Procedure 54(d), among others.

## DEMAND

WHEREFORE, Plaintiffs demand judgment as follows:

1. For a dismissal of Debtor's Petition for bankruptcy;

2. For a determination that Debtor's discharge be denied;

3. For a determination that Debtor's debt to Balls is not dischargeable in bankruptcy and for a reaffirmation of such debt;

4. For an award of costs and attorney fees Balls incurred in the State Action to the extent such award is not made in State Court;

5. For an award of costs and attorney fees Balls incurred herein; and

6. For such other relief as the Court deems just and equitable.

DATED this 20th day of May, 2009

HAMILTON, MICHAELSON & HILTY, LLP

RON R. SHEPHERD
Attorneys for Plaintiffs

COMPLAINT FOR NONDISCHARGEABILITY OF DEBTS - 17

Case 09-06039 Doc 1 Filed 05/20/09 Entered 05/20/09 17:08:11 Desc Main Document Page 21 of 22

HOPKINS FINANCIAL SERVICES, INC.

# Credit Application

IMPORTANT: PLEASE TYPE OR PRINT INFORMATION CLEARLY AND GIVE DETAILS ON REVERSE SIDE. THE MORE COMPLETE THE APPLICATION, THE EASIER IT IS FOR US TO PROCESS.

## APPLICANT

FIRST NAME: Bradley MIDDLE INITIAL: E LAST NAME: Wheeler

DATE OF BIRTH: 11-23-66 SOCIAL SECURITY NO.: 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 HOME PHONE: 467-2096

PRESENT ADDRESS: 220 N Lotus Spikes DATE MOVED IN MO: YR: 3

CITY: Nampa STATE: Idl 83651

PREVIOUS ADDRESS (IF AT PRESENT ADDRESS LESS THAN 4 YEARS) DATE MOVED IN MO: YR:

☒ MARRIED ☐ SEPARATED ☐ UNMARRIED

DEPENDENTS: Dexter Dallin Kenda Eastyn 9 AGES 17, 13, 7, 6

☐ OWN/BUY ☒ RENT ☐ PARENTS ☐ OTHER ☒ PAYMENT $ 900.00 ☒ PAYMENT MADE TO: Property Management

SUBJECT PROPERTY ADDRESS: Orchard CITY: Nampa STATE: Idl ZIP: 83651

EMPLOYER: BW Properties TYPE OF BUSINESS: Construction

YOUR POSITION/TITLE: Managing Member 442-8874

EMPLOYER'S ADDRESS: 1124 11th Ave S Nampa BUSINESS PHONE

DATE STARTED MO: 2 YR: 04 NET MONTHLY INCOME* $ OTHER TOTAL INCOME* TOTAL TAKE HOME INCOME $

PREVIOUS EMPLOYER (IF EMPLOYED IN CURRENT POSITION LESS THAN 2 YEARS) DATE STARTED MO: YR:

PREVIOUS EMPLOYER'S ADDRESS

HAVE I HAD ANY JUDGEMENTS AGAINST ME? ☒ NO ☐ YES

HAVE I EVER FILED BANKRUPTCY? ☒ NO ☐ YES AM I CONSIDERING BANKRUPTCY NOW? ☒ NO ☐ YES

DO I OWE ANY BACK TAXES? ☒ NO ☐ YES

WILL ANY INCOME BE REDUCED DURING LOAN TERM? ☒ NO ☐ YES

(IF YES TO ANY OF THE QUESTIONS, PLEASE GIVE DETAILS ON REVERSE)

E-mail address: llgreger@hotmail.com

I was referred to your company by:

Amount requested: $

Loan purpose (describe briefly)

Type of Loan:
- ☐ Residential
- ☐ Commercial
- ☐ Farm & Ranch
- ☐ Recreational
- ☐ Construction

* OTHER INCOME – INCLUDE ALIMONY, CHILD SUPPORT OR SEPARATE MAINTENANCE ONLY IF I WISH TO HAVE IT RELIED UPON FOR THIS APPLICATION.

| SHORT TERM ASSETS | MARKET VALUE | SHORT TERM LIABILITIES | BALANCE OWED | MO. PAYMENT |
|---|---|---|---|---|
| #1 CASH ON HAND AND IN BANKS<br>CHECKING BANK NAME Bank of Cascades ADDRESS Nampa ACCT. NO.<br>SAVINGS BANK NAME Bank of Cascades ADDRESS Nampa ACCT. NO. | | #1 CREDIT CARD Capital One | $ 2100.00 | $ 46.69 |
| | | Washington Mutual | $ 4000.00 | $ 179.00 |
| #2 AUTO (YR., MAKE, MODEL) 05 Ford Cornet | $ 27,000.00 | #2 AUTO LOAN 05 Ford Mustg | $ 15000.00 | $ |
| #3 AUTO (YR., MAKE, MODEL) 02 Ford Mustg | $ 20,000.00 | #3 AUTO LOAN | $ | $ |
| #4 STOCKS AND BONDS (DETAILS ON REVERSE) | $ | #4 PERSONAL LOAN | $ | $ |
| #5 IRA, PENSIONS, OTHER LIQUID ACCTS. | $ | #5 PERSONAL LOAN | $ | $ |
| #6 LIFE INSURANCE FACE VALUE $ (NOT FACE VALUE) CASH VALUE $ | | #6 OTHER DEBT | $ | $ |
| #7 OTHER ASSETS AND PERSONAL PROPERTY (DETAILS ON REVERSE) | $ 200,000.00 | #7 OTHER DEBT (PLEASE GIVE DETAILS ON REVERSE) | $ | $ |
| #8 TOTAL SHORT TERM ASSETS (ADD LINE #1 THRU LINE #7) | $ 247,000.00 | #8 TOTAL SHORT TERM LIABILITIES (ADD LINE #1 THRU LINE #7) | $ 21,100 | ↓↓ |

GIVE NAME AND ADDRESS OF CREDITORS

| LONG TERM ASSETS | MARKET VALUE | LONG TERM LIABILITIES | BALANCE OWED | MO. PAYMENT |
|---|---|---|---|---|
| #9 RESIDENCE – VALUE** (GIVE ADDRESS) 1124 11th S. | $ 115,000 | #9 MORTGAGE OR LIENS ON RESIDENCE | $ 70,000.00 | $ 584.00 |
| #10 OTHER REAL ESTATE (TYPE OF PROPERTY AND ADDRESS) (PLEASE GIVE DETAILS ON REVERSE IF NECESSARY) | $ 415,000.00 | #10 MORTGAGES OR LIENS ON OTHER REAL ESTATE (PLEASE GIVE DETAILS ON REVERSE) | $ 138,000.00 | $ 1392.95 |
| #11 LARGER EQUIPMENT, TRUCKS, MACHINERY OTHER ASSETS (DESCRIBE ON REVERSE) | $ 82,500.00 | #11 EQUIPMENT, TRUCK, MACHINERY LIENS | $ 105,000.00 | $ 1046.65 |
| #12 OTHER ASSETS (DESCRIBE) | $ | #12 ALL OTHER INDEBTEDNESS INCLUDING CHARGE CARDS NOT LISTED ABOVE AND BACK TAXES (PLEASE GIVE DETAILS ON REVERSE) | $ | $ |
| #13 OTHER ASSETS (DESCRIBE) | $ | #13 CO-SIGNER, GUARANTOR OR ENDORSER | $ | $ |
| #14 OTHER ASSETS (DESCRIBE) | $ | #14 AMOUNT I PAY FOR ALIMONY OR CHILD SUPPORT | $ 800.00 | $ |
| TOTAL LONG TERM ASSETS (ADD LINE #9 THRU LINE #14) | $ 612,500.00 | TOTAL LONG TERM LIABILITIES (ADD LINE #9 THRU LINE #14) | $ 316,800.00 | ↓↓ |
| MY TOTAL ASSETS (ADD LINES #8 & #14) | $ 859,500.00 | MY TOTAL LIABILITIES (ADD LINES #8 & #14) | $ 337,900.00 | ↓↓ |

**USE COUNTY ASSESSED VALUE 1st, APPRAISED VALUE 2nd, AND YOUR GUESSTIMATE 3rd – CIRCLE WHICH ONE YOU USED.

AS OF ________ MY TOTAL MONTHLY PAYMENTS ARE $________ (ADD LINES 1-7 AND 9-14)

AS OF ________ I ESTIMATE MY NET WORTH AS $________ (TOTAL ASSETS – TOTAL LIABILITIES)

EXHIBIT "A"

01/05/2007 14:52 FAX 20█████0667    HOPKINS FINANCIAL    ☐003/009

## CO-APPLICANT OR SPOUSE

COMPLETE AS APPLICABLE 1) FOR CO-APPLICANT, IF APPLYING FOR JOINT CREDIT; 2) FOR SPOUSE, IF MARRIED AND RESIDING IN OR SECURITY LOCATED IN A COMMUNITY PROPERTY STATE; 3) FOR SPOUSE OR FORMER SPOUSE, IF RELYING ON ALIMONY, CHILD SUPPORT, OR SEPARATE MAINTENANCE PAYMENTS. IF2 AND IS NOT OBLIGATED ON LOAN)

**FIRST NAME:** Lisa  
**MIDDLE INITIAL:**  
**LAST NAME:** Wheeler  
**SOCIAL SECURITY NO:** 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  
**RELATIONSHIP:** Wife  
**DATE OF BIRTH:** 11-1-65  
**EMPLOYER:** BW Properties  
**OCCUPATION:**  
**DATE STARTED:** MO:  YR: 04  
**EMPLOYER'S ADDRESS:** 1124 11th Ave S, Nampa ID 83651  
**BUSINESS PHONE:**  
**NET MONTHLY INCOME:**  
**OTHER INCOME:**  
**TOTAL TAKE HOME INCOME:**  

PREVIOUS EMPLOYER (IF EMPLOYED IN CURRENT POSITION LESS THAN 2 YEARS)

### Additional Remarks/Explanations

| | | |
|---|---|---|
| #11 | Backhoe | 35,000.00 |
| | Dump truck | 10,000.00 |
| | Backhoe trailer | 5,000.00 |
| | 3 implement trailers | 3000.00 |
| | Enclosed trailer | 1500.00 |
| | 99 F250 | 15,000.00 |
| | Misc. | 8000.00 |
| | 76 Chevy Pickup | 2500.00 |
| | 82 Ford p.up | 2,500.00 |
| #10 | Gravity pit | 250,000.00 |
| | 12998 Orchard | 165,000.00 |

Applicant and Co-Applicant Statement: [illegible fine print]

Date Signed: June 25, 2008   (Sign Here) [signature] Applicant
(Sign Here) Lisa L. Wheeler   Co-Applicant

If the application was taken by telephone, the customer was advised of and verbally approved the necessary credit checks. ☐ YES   INITIALS _____

### FOR HFB, INS PURPOSES ONLY – DO NOT FILL IN BELOW (OFFICE USE ONLY)

Short-term Assets $_____ + Short-term Liabilities $_____ = _____ % Liquidity Ratio  
Long-term Assets $_____ + Long-term Liabilities $_____ = _____ % Long-term Liquidity Ratio  
Total Assets $_____ + Total Liabilities $_____ = _____ % Total Liquidity Ratio  
Stated Net Worth $_____  

Applicant Take Home Income $_____ + Co-App. Take Home Income $_____ = Total Take Home Income $_____  
Total Monthly payments before loan $_____  
Loan Officer: _____   Total Monthly payments if our loan funded $_____  
In my opinion this loan if a Grade _____ loan.   Debt / Net Ratio: Before ____% After ____%  
Remarks of Loan Officer:  
_____